IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:11CR44-1 |
| vs. | § § § | |
| | § | |
| GREGORY EUGENE BOWMAN | § § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

The Government moved to revoke Defendant Gregory Eugene Bowman's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to the allegations in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Cocaine, Defendant was sentenced on December 6, 2011, by the Honorable Leonard Davis, United States District Judge, to 53 months of imprisonment to be followed by 3 years of supervised release. The sentence was amended on July 8, 2014 to 45 months and 6 days of imprisonment to be followed by 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on April 22, 2015. On July 25, 2016, U.S. District Judge Michael H. Schneider ordered the modification of the term of supervised release to include

1

the condition that Defendant shall reside in a residential reentry center or similar facility for a period of 180 days.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on August 10, 2016, United States Probation Officer Andrea Smith alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (2) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and (3) the defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days, shall abide by the rules and regulations of the center and shall pay subsistence according to the U.S. Bureau of Prisons' guidelines.

More specifically, it is alleged that Defendant tested positive for marijuana on May 13, 17, and 24, 2016 and on June 14 and 30, 2016. On May 13, 2016, Defendant allegedly admitted verbally and in writing to failing to report on May 6, 2016, for a scheduled drug test. Defendant was also allegedly unsuccessfully discharged from the County Rehabilitation Center after absconding from the facility on August 9, 2016.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of

the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing marijuana, failing to report for a scheduled drug test and being unsuccessfully discharged from the County Rehabilitation Center as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 6 to 12 months of imprisonment. U.S.S.G. § 7B1.4(a).

*Hearing*

On September 14, 2016, Defendant appeared for a final revocation hearing. Defendant's counsel, Assistant Federal Defender Ken Hawk, announced that Defendant and Assistant United States Attorney Jim Noble reached an agreement for Defendant to enter a plea of true to the allegations in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment with no further supervised release. After the Court explained to Defendant his

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Ft. Worth.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the

Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

So ORDERED and SIGNED this 14th day of September, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE